# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**METSO MINERALS INDUSTRIES, INC.**
and **METSO MINERALS (FRANCE) S.A.**,
      Plaintiffs,

    v.                                    Case No. 10-C-0951

**JOHNSON CRUSHERS INTERNATIONAL, INC.**
and **ASTEC INDUSTRIES, INC.**,
      Defendants.

## DECISION AND ORDER

      This is an action for patent infringement. Metso Minerals Industries, Inc., and Metso Minerals (France) S.A., are the parties alleged to have infringed the patent, but they are the plaintiffs in this suit because they initiated the action in order to obtain a declaratory judgment stating that they are not liable for infringement. Johnson Crushers International, Inc. and Astec Industries, Inc. (together, "JCI") own the patent and are the ones alleging that the Metso entities have infringed.

      This order addresses JCI's motion to compel discovery from Metso France and Metso France's companion motion for permission to take evidence pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, 28 U.S.T. 2555, reprinted in 28 U.S.C.A. § 1781 (West 2006). Both motions relate to JCI's requests for discovery from Metso France, which Metso France contends will require the production of information physically located in France. Metso France is willing to produce this information and does not contend that the discovery requests are unduly burdensome or

otherwise abusive. However, it contends that unless the Hague Convention is used, Metso France will be in violation of the French "blocking statute," which provides as follows:

> Subject to treaties or international agreements and applicable laws and regulations, it is prohibited for any party to request, seek or disclose, in writing, orally or otherwise, economic, commercial, industrial, financial or technical documents or information leading to the constitution of evidence with a view to foreign judicial or administrative proceedings or in connection therewith.

French Penal Code Law No. 80-538 (translated). JCI contends that resort to the Hague Convention is not warranted, and that Metso France, as a party to this litigation, must respond to JCI's discovery requests in accordance with the Federal Rules of Civil Procedure.

JCI is correct. In Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for Southern Dist. of Iowa, the Supreme Court held that the French blocking statute does not require a party seeking discovery from a party that is a French national to use the Hague Convention. 482 U.S. 522, 544 n.29 (1987). The Court held that this is so even though the French national's act of producing the discovery outside of the Hague Convention will result in a violation of the statute. Id. Although the Court did not say that the blocking statute could never justify use of the Hague Convention rather than the Federal Rules of Civil Procedure, the Court made clear that a party who wishes to proceed under the Hague Convention must do more than simply point to the blocking statute. That party must identify the specific French interests that would be undermined if the court permitted discovery to be taken pursuant to the Federal Rules and then show that, under the facts of the case before the court, those interests outweigh the interest of the United States in allowing discovery in its courts to proceed under its own rules. Id.

2

Case 2:10-cv-00951-LA   Filed 11/03/11   Page 2 of 3   Document 41

In the present case, Metso France does not attempt to distinguish or apply <u>Societe Nationale</u>, and it does little more than point to the blocking statute and assert that its fear of prosecution in France justifies use of the Hague Convention rather than the Federal Rules. As <u>Societe Nationale</u> has already rejected this line of argument, I conclude that Metso France must respond to JCI's discovery requests in accordance with the Federal Rules.

Therefore, **IT IS ORDERED** that JCI's motion to compel is **GRANTED** and that Metso France's motion to use the Hague Convention is **DENIED**. Because I have granted JCI's motion to compel and none of the exceptions in Federal Rule of Civil Procedure 37(a)(5)(A)(i)-(iii) apply, Metso France must pay the reasonable expenses that JCI incurred in making the motion, including attorney's fees.[1] I assume that the parties will be able to agree on the details that need to be worked out in order to implement this order, including the deadline for Metso France's responses to the outstanding discovery requests and the amount of JCI's reasonable expenses and attorney's fees.

Dated at Milwaukee, Wisconsin, this 3rd day of November 2011.

s/_____
LYNN ADELMAN
District Judge

---

[1] The only potentially applicable exception is the exception stating that fees and expenses need not be awarded if the nonmovant's position was substantially justified. <u>See</u> Fed. R. Civ. P. 37(a)(5)(A)(ii). However, given <u>Societe Nationale</u> and Metso's failure to explain how its position could be considered consistent with this dispositive precedent, Metso's position was not substantially justified.