# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**METSO MINERALS INDUSTRIES, INC.**
and **METSO MINERALS (FRANCE) S.A.**,
      Plaintiffs,

      v.                                        Case No. 10-C-0951

**JOHNSON CRUSHERS INTERNATIONAL, INC.**
and **ASTEC INDUSTRIES, INC.**,
      Defendants.

## DECISION AND ORDER

On November 3, 2011, I granted defendants' motion to compel discovery from Metso Minerals (France) S.A., and ordered that Metso France pay the reasonable expenses, including attorneys' fees, that defendants incurred in making the motion. In the same order, I denied Metso France's motion asking that discovery proceed under the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, 28 U.S.T. 2555, reprinted in 28 U.S.C.A. § 1781 (West 2006). Metso France asks that I reconsider the award of reasonable expenses. It also asks that, in the event that I leave the award in place, I clarify whether the award encompasses the expenses that defendants incurred in opposing Metso France's Hague Convention motion. Defendants have filed their own motion contending that Metso France has failed to comply with my ruling on the motion to compel, and they ask that I find Metso France in contempt.

With respect to the request for reconsideration, Metso France argues that expenses should not have been awarded because its position was substantially justified. See Fed. R. Civ. P. 37(a)(5)(A)(ii). A position is substantially justified when it has a reasonable basis

in both law and fact. Pierce v. Underwood, 487 U.S. 552, 555 (1988). In the present case, Metso France's position did not have a reasonable basis in law. Metso France's position was that discovery should proceed under the Hague Convention rather than the Federal Rules of Civil Procedure because the French blocking statute prohibited Metso France from producing discovery materials located in France outside of the Hague Convention. This was the precise position taken by the French litigant in Societe Nationale Industrielle Aerospatiale v. U.S. District Court, and rejected by the Supreme Court. 482 U.S. 522, 525-26, 544 & n.29 (1987). Although the Court did not say that the blocking statute could never justify use of the Hague Convention rather than the Federal Rules of Civil Procedure, the Court made clear that a party who wishes to proceed under the Hague Convention must do more than simply point to the blocking statute. That party must identify the specific French interests that would be undermined if the court permitted discovery to be taken pursuant to the Federal Rules and then show that, under the facts of the case before the court, those interests outweigh the interest of the United States in allowing discovery in its courts to proceed under its own rules. Id. at 544 & n.29. Metso France did not cite Societe Nationale in its brief in opposition to defendants' motion to compel or attempt to distinguish it.[1] It did not point to the specific French interests that would be undermined by allowing discovery in this case to proceed under the Federal Rules or explain how those interests outweighed the interest of the United States in allowing discovery in its courts to proceed

---

[1] In its motion for reconsideration, Metso France says that this case is different than Societe Nationale because Metso France is not trying to avoid discovery altogether – it just wants to comply with French law. But Metso France's willingness to produce discovery does not make this case different than Societe Nationale, since in that case the French litigant was also willing to produce discovery, provided that the discovery was produced pursuant to the Hague Convention rather than the Federal Rules. 482 U.S. at 525-26.

under its own rules. Given this failure to distinguish or apply binding, dispositive precedent, I cannot say that Metso France's position had a reasonable basis in law.

With respect to the request for clarification, I confirm that the award of reasonable expenses encompasses the expenses incurred in connection with the motion to compel, but not also the expenses incurred in opposing Metso France's motion to use the Hague Convention. Rule 37(a)(5)(A) requires payment of "reasonable expenses incurred in making <u>the motion</u>." (Emphasis added.) "The motion" means a motion to compel, as motions to compel are the subject of Rule 37(a). Moreover, defendants in their motion to compel limited their request for expenses to the expenses incurred "in bringing this motion" – i.e., the motion to compel. (Docket #31 at p. 4.) Defendants did not make a separate request for the expenses incurred in opposing the Hague Convention motion. Thus, defendants are awarded only the expenses incurred in connection with the motion to compel.[2]

With respect to defendants' contempt motion, in granting the motion to compel, I did not establish a deadline for Metso France to respond to the outstanding discovery requests. Rather, I assumed the parties would be able to agree on a reasonable deadline. At the time that defendants filed their motion for contempt, Metso France had not yet agreed to a firm deadline for producing all responsive information. However, Metso France indicates in its response to the contempt motion that it has now completed its production. (Docket #56 at p.2.) Thus, it appears that the underlying dispute is resolved. In any event,

---

[2] It should be noted, however, that those expenses include the expenses incurred in opposing the present motion for reconsideration. See <u>Rickels v. City of South Bend</u>, 33 F.3d 785, 787-88 (7th Cir. 1994) (under Rule 37, victor is entitled to recoup full outlay, including fees incurred in defending an award of fees).

because I did not set any firm deadlines in my order granting the motion to compel, Metso France has not violated any express and unequivocal command from the court. Therefore, I cannot hold Metso France in contempt. See, e.g., Federal Trade Comm'n v. Trudeau, 579 F.3d 754, 763 (7th Cir. 2009). Moreover, because it appears that Metso France has completed its production, I see no need to set a firm deadline at this time. Should defendants believe that Metso France's production is incomplete and that a firm deadline from the court is needed, they may file a motion asking that I set such a deadline.

Accordingly, **IT IS ORDERED** that Metso France's motion for reconsideration is **DENIED** and that its motion for clarification is **GRANTED**. **IT IS FURTHER ORDERED** that defendants' motion for contempt and sanctions is **DENIED**.

Dated at Milwaukee, Wisconsin, this 14th day of December 2011.

s/_____
LYNN ADELMAN
District Judge