# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**METSO MINERALS INDUSTRIES, INC.**
**and METSO MINERALS (FRANCE) S.A.,**
      Plaintiffs,

    v.                                             Case No. 10-C-0951

**JOHNSON CRUSHERS INTERNATIONAL, INC.**
**and ASTEC INDUSTRIES, INC.,**
      Defendants.

---

## DECISION AND ORDER

This is a patent-infringement case between plaintiffs Metso Minerals Industries, Inc. and Metso Minerals (France) S.A. (collectively, "Metso") and defendants Johnson Crushers International, Inc. and Astec Industries, Inc. (collectively, "JCI"). Before me now is Metso's motion to compel the attendance of JCI's damages expert witness, Larry Evans, at a deposition.

Pursuant to Federal Rule of Civil Procedure 30(b)(1), Metso served a notice of deposition stating that Evans's deposition would be held on May 24, 2012. JCI informed Metso that Evans would be unavailable on that date and that he would not be available until June 19, 2012. This presented a problem for Metso, because Metso wanted to take Evans's deposition before disclosing its own expert report, and Metso's deadline for disclosing that report would have passed by the time of the deposition on June 19. Metso thus asked JCI to either produce Evans before the deadline for Metso to disclose its expert report or agree to an extension of Metso's deadline for disclosing its report. JCI refused, and Metso filed the present motion. Metso asks that I either compel Evans's attendance

at the deposition on May 24 or adjourn the deadline for Metso to disclose its expert report until a reasonable time after June 19.

Metso's motion will be granted. Rule 30(b)(1) allows the party who wants to depose a witness to specify the date and time of the deposition. The only limitation is that the party provide reasonable notice, and JCI does not contend that Metso did not provide reasonable notice.[1] The Rule does not state that the witness is entitled to move the deposition to a different date in order to accommodate other matters on his or her calendar. Now, in practice, most lawyers will confer with opposing counsel and counsel for the witness and attempt to agree on a date and time that works for all parties before sending out a notice of deposition. When accommodating the witness's or counsel's schedule interferes with other deadlines in the case, most lawyers will agree to an extension of those deadlines. However, if the lawyers cannot reach an agreement on a date for the deposition, the party who wants to take the deposition retains the right to decide on the date, subject only to the limitation that that party provide reasonable notice.

In the present case, Metso made reasonable efforts to accommodate Evans's schedule. It agreed to wait until June 19 to take Evans's deposition, provided that JCI agree to extend Metso's deadline for disclosing its own expert. However, JCI refused to agree to an extension of Metso's deadline, thinking that Metso had no right to take Evans's deposition before disclosing its own expert. But in their joint discovery plan submitted under Rule 26(f), the parties agreed to staggered expert disclosure deadlines: the party having the burden of proof would go first, and then the opposing party would disclose a

---

[1]The notice of deposition was served on May 11, 2012, and the date of the deposition was May 24, 2012.

report that responds to the points made by the first party's expert. The reason for staggered deadlines is to give the responding party the chance to digest the first party's expert report and take the expert's deposition. This allows the responding party to make sure it understands the full extent of the first party's expert's opinions and the basis for them before disclosing a responsive report. Thus, whether or not Metso had the "right" to depose Evans before disclosing its own expert reports, the parties' discovery plan contemplated that Metso would do so. In any event, the right that Metso undoubtedly had was to depose Evans on a date of its choosing. If JCI wanted Metso to agree to a different date, it should have agreed to extend Metso's deadline for disclosing its report so that the purpose of having staggered expert disclosure deadlines was not defeated. However, when JCI refused to agree to an extension, Metso was entitled to insist that JCI produce Evans on the date specified in the notice of deposition.

Accordingly, Metso's motion to compel will be granted. Because the date specified in the notice of deposition has passed, I will grant Metso's request to extend the deadline for disclosing its expert reports to a reasonable time after June 19. Metso does not request a specific deadline, but I assume that thirty days will be sufficient. Further, because JCI's refusal to produce Evans on the date specified in the notice of deposition was not substantially justified—indeed, JCI cites no authority at all in its brief—JCI shall pay the reasonable expenses, including attorneys fees, incurred by Metso in making this motion to compel. See Fed. R. Civ. P. 37(a)(5)(A).

For the reasons stated, **IT IS ORDERED** that Metso's motion to compel is **GRANTED**. Metso's deadline for disclosing its expert report is extended until thirty days after June 19, 2012.

Dated at Milwaukee, Wisconsin, this 25th day of May 2012.

<span style="margin-left:3em">s/ Lynn Adelman<br>LYNN ADELMAN<br>District Judge</span>