# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**METSO MINERALS INDUSTRIES, INC.**
and **METSO MINERALS (FRANCE) S.A.,**
      Plaintiffs,

    v.                                    Case No. 10-C-0951

**JOHNSON CRUSHERS INTERNATIONAL, INC.**
and **ASTEC INDUSTRIES, INC.,**
      Defendants.

## ORDER

In the course of briefing their motions for summary judgment, the parties filed a large quantity of materials under seal, including portions of briefs and proposed findings of fact, entire depositions, and exhibits. However, in reaching my decision on the motions for summary judgment, I relied heavily on the materials that are presently under seal, and documents "that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544, 545 (7th Cir. 2002). These other categories include information covered by a recognized privilege (such as the attorney-client privilege) and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault). Id. at 546. The materials that the parties in the present case wish to keep sealed do not fall into either of the latter two categories of information, and thus those materials may remain sealed only if they contain trade secrets.

The parties in their motions to seal do not demonstrate that the materials they wish to keep secret contain trade secrets. To be sure, the parties <u>assert</u> that some of the materials contain trade secrets, but they do not attempt to <u>demonstrate</u> that they meet the definition of a trade secret. To keep a document that is vital to a judicial opinion secret on the ground that it contains a trade secret, the party wanting that result must offer an argument showing that the document contains a trade secret or something comparable whose economic value depends on its secrecy; a bald assertion will not do. <u>Id.</u> at 547.

My own review of the documents filed under seal leads me to believe that the documents do not contain trade secrets and that the parties will not be harmed if the documents are opened to the public. Most of the information in these documents relates to the design and sale of products in the mid-1990s, and it is hard to see how that information could have value to a competitor today. However, before unsealing the documents, I will give the parties an opportunity to file statements showing that public disclosure of those documents, or some subset of them, would be harmful. Each party's statement must address the documents that that party wants to keep sealed on a document-by-document basis, identify which parts of each document contain information constituting trade secrets, and then demonstrate that the information in those parts meets the definition of a trade secret. If in order to show that the documents contain trade secrets a party must make factual assertions about the nature of the documents and the harm public disclosure might cause, the party should support those factual assertions with appropriate affidavits or declarations.

Accordingly, **IT IS ORDERED** that if a party believes that any sealed document in the record pertaining to the parties' motions for summary judgment (i.e., any document

2

Case 2:10-cv-00951-LA   Filed 12/04/12   Page 2 of 3   Document 154

mentioned in the motions to seal at ECF Nos. 90, 108, 133, 140 & 147) contains a trade secret, that party shall file the statement described in the previous paragraph within thirty days of the date of this order.

**IT IS FURTHER ORDERED** that the parties' motions to seal the documents filed in connection with the motion to exclude the opinions and testimony of Larry W. Evans (ECF Nos. 75 & 98) are **GRANTED**. The court denied the Evans motion as moot without considering the sealed materials, and so those materials may remain sealed unless that motion is renewed in the future.

Dated at Milwaukee, Wisconsin, this 4th day of December 2012.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge

3